FILED

05/13/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 24-0299

Pamela D. Bucy
Chief Disciplinary Counsel
P.O. Box 1099
Helena, Montana 59624
Tel: (406) 442-1648
pbucy@montanaodc.org

Office of Disciplinary Counsel

# BEFORE THE COMMISSION ON PRACTICE OF THE
# SUPREME COURT OF THE STATE OF MONTANA

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| IN THE MATTER OF MARTHA L. GOODLOE, An Attorney at Law, Respondent. | Supreme Court Cause No. _____ <br> ODC File No. 23-139 <br> **COMPLAINT** <br> **Rules 1.4, 1.5, 1.6, 1.8, and 1.16, MRPC** |

By leave of the Commission on Practice granted on April 9, 2024, the Office of Disciplinary Counsel for the State of Montana ("ODC"), hereby charges Martha L. Goodloe with professional misconduct as follows:

## General Allegations

1. Martha L. Goodloe, hereinafter referred to as Respondent, was admitted to the practice of law in the State of Montana in 1994, at which time Respondent took the oath required for admission, wherein they agreed to abide by the Rules of

*Complaint* - Page 1

Professional Conduct, the Disciplinary Rules adopted by the Supreme Court, and the highest standards of honesty, justice and morality, including but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

2. The Montana Supreme Court has approved and adopted the Montana Rules of Professional Conduct ("MRPC"), governing the ethical conduct of attorneys licensed to practice in the State of Montana, which Rules were in effect at all times mentioned in this Complaint.

3. D.A. contacted Respondent for assistance with her father's estate in early 2019. In approximately August of 2019, D.A. requested Respondent draft a power of attorney for her mother. Respondent was paid for these services. Following medical complications, D.A.'s mother died. Respondent filed the Application for Informal Probate Intestate Estate and Appointment of Personal Representative on December 2, 2019. After the Application was filed, little action was taken in the case, resulting in the Court issuing an Order for Personal Representative to Close Estate or Show Cause, on May 9, 2023. On July 10, 2023, Respondent filed a Request to Withdraw as Attorney for Personal Representative, which the Court granted by Order dated July 11, 2023. On July 25, 2023, D.A. filed a *pro se* Response to Respondent's Motion.

//

//

*Complaint* - Page 2

## Count One

4. ODC realleges and incorporates paragraphs 1 through 3 of the General Allegations as if fully restated in this Count One.

5. Respondent failed to communicate with D.A. for nearly three (3) years and placed the duty of communication with her client. D.A. attempted to contact Respondent on numerous occasions, but Respondent was unresponsive. D.A. obtained necessary information about her mother's estate from the Clerk of Court. In addition, Respondent failed to notify D.A. of her intent to withdraw or provide her a copy of the Court's Show Cause Notice.

6. Respondent's conduct outlined above constitutes a violation of Rule 1.4, Communication, MRPC.

## Count Two

7. ODC realleges and incorporates paragraphs 1 through 3 of the General Allegations and paragraphs 4 through 6 as if fully restated in this Count Two.

8. Respondent failed to execute a written agreement to inform D.A. of the scope of the representation, and the basis or rate of the fee and expenses for which D.A. would be responsible.

9. Respondent's conduct outlined above constitutes a violation of Rule 1.5, Fees, MRPC.

//

*Complaint* - Page 3

## Count Three

10. ODC realleges and incorporates paragraphs 1 through 3 of the General Allegations and paragraphs 4 through 9 as if fully restated in this Count Three.

11. Upon receipt of the Court' Show Cause Order, Respondent filed a Motion to Withdraw on July 10, 2023. Respondent failed to contact, discuss, or notify her client of her intention to withdraw prior to filing the Motion. In her Motion Respondent included information about the valuation of D.A.'s father's estate. The valuation information was garnered from Respondent's prior representation of D.A. and was included to demonstrate D.A.'s ability to pay necessary fees and costs. The Motion also indicated that D.A. had "refused" to pay her and had "refused" to sign a property deed.

12. Importantly, the valuation of the estate was incorrect and D.A. had neither refused to sign a deed nor pay Respondent. D.A. had never been asked to sign a deed or for any form of payment. In fact, Respondent had never informed D.A. of the costs she could anticipate incurring or the costs of her services. Respondent did not even discuss the possibility of withdrawal with D.A. Rather, the last conversation Respondent had with her client indicated she would seek additional time from the Court and draft the agreed upon legal documents. D.A. was shocked and embarrassed by Respondent's filing. She was forced to serve as her own counsel in response to Respondent's motion.

*Complaint* - Page 4

13. By disclosing information related to the representation of the client without the client's consent in her Motion to Withdraw, Respondent violated Rule 1.6(a), Confidentiality of Information, MRPC.

14. By using information relating to her prior representation of D.A. to her disadvantage in her Motion to Withdraw, Respondent violated Rule 1.8(b), Conflict of Interest: Current Clients: Specific Rules, MRPC.

15. Respondent divulged information that was both untrue and was likely to, and did in fact, embarrass D.A. Respondent failed to provide D.A. with the Court's Show Cause Notice, which would have given D.A. the deadline for complying with the Court's Order, or to seek different counsel, or at least request additional time from the Court herself. Despite impending deadlines and a Motion which contained incorrect and untrue information which reflected poorly on her client, Respondent withdrew with literally no notice to her client. Respondent did not advise D.A. to seek new counsel or provide her with a copy of her file upon withdrawal. Respondent's conduct failed to protect the interest of her client in violation of Rule 1.16(d), Declining or Terminating Representation, MRPC.

WHEREFORE, the Office of Disciplinary Counsel prays:

1. That a Citation be issued to the Respondent, to which shall be attached a copy of the complaint, requiring Respondent, within twenty-one (21) days after service thereof, to file a written answer to the complaint;

2. That a formal hearing be had on the allegations of this complaint before an Adjudicatory Panel of the Commission;

3. That the Adjudicatory Panel of the Commission make a report of its findings and recommendations after a formal hearing to the Montana Supreme Court, and, in the event the Adjudicatory Panel finds the facts warrant disciplinary action and recommends discipline, that the Commission also recommend the nature and extent of appropriate disciplinary action, including an award of costs and expenses incurred in investigating and prosecuting this matter; and,

4. For such other and further relief as deemed necessary and proper.

DATED this 13th day of May, 2024.

OFFICE OF DISCIPLINARY COUNSEL

By: _Pamela D. Bucy_
Pamela D. Bucy
Chief Disciplinary Counsel

*Complaint* - Page 6